# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MELISSA STARK, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ACUITY BRANDS, INC.,<br><br>　　　　Defendant. | Case No. 1:22cv4940-JPB<br><br>Hon. J.P. Boulee |
| ANDREW SMITH and MACKENZIE FAIRFIELD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ACUITY BRANDS, INC.,<br><br>　　　　Defendant. | Case No. 1:23cv00392-MHC<br><br>Hon. Mark H. Cohen |

**JOINT MOTION TO CONSOLIDATE CASES AND
TEMPORARILY STAY PROCEEDINGS
<u>AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT</u>**

Plaintiffs Melissa Stark, Andrew Smith, and Mackenzie Fairfield ("Plaintiffs") and Defendant Acuity Brands, Inc. ("Acuity" or "Defendant") (collectively, the "Parties"), pursuant to Fed. R. Civ. P. 42(a) and L.R. 42.1, jointly

move the Court for an order of consolidation. The Parties also seek, pursuant to Fed R. Civ. P. 16(b)(4), to temporarily stay the proceedings of the eventual consolidated action, as set forth herein.

## INTRODUCTION

Pending in this District are two separately-filed, but related, cases against Defendant: *Stark v. Acuity Brands, Inc.*, Case No. 1:22cv4940-JPB (filed December 14, 2022) (the "Stark Action"), and *Smith et al. v. Acuity Brands, Inc.*, Case No. 1:23cv00392-MHC (filed January 25, 2023) (the "Smith Action") (collectively, the "Related Cases"). The *Stark* Action is currently pending before the Honorable J.P. Boulee. The *Smith* Action is currently pending before the Honorable Mark H. Cohen.

Consolidation of the Related Cases under Fed. R. Civ. P. 42(a) is appropriate because the Related Cases involve common parties (*i.e.*, the same defendant) and allege similar facts and legal claims arising from the same data security incident. The consolidation jointly sought by the Parties will also enable the Court to conduct proceedings in one combined action, ensuring that the Related Cases are adjudicated efficiently. By way of this Motion, the Parties also seek to stay the eventual consolidated action for a period of 45 days to allow the Parties to explore the potential for early resolution of this litigation. This will ensure that the Court does not expend time and resources unnecessarily.

The Parties therefore respectfully request that this Court enter the proposed order filed herewith consolidating the Related Cases and staying the proceedings.

## ARGUMENT

Under the Federal Rules of Civil Procedure, courts may consolidate two or more related actions, where, as here, the actions involve at least one common question of law or fact. Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").

For the reasons described herein, consolidation is appropriate here.

### A. The Related Cases Involve Common Parties

The threshold question of "common parties" is easily answered in the affirmative. Both of the Related Cases name Acuity Brands, Inc. as the Defendant. In addition, the proposed Classes in both lawsuits include similar individuals whose personal information was impacted by the same data breach at issue in the Related Cases.

### B. The Related Cases Allege Common Legal Claims and Facts

The Related Cases were both filed in response to the same data security incident that Defendant announced on or around December 5, 2022 and bring similar

claims and raise common questions of law and fact. Counsel for Plaintiffs in both the *Stark* and *Smith* Actions have conferred amongst themselves, as well as with counsel for Defendant, and all parties agree that consolidation of the Related Cases is appropriate under Fed. R. Civ. P. 42(a).

### C. Consolidation of the Related Cases Will Be More Convenient to the Parties, Promote Judicial Economy, and Save Resources

The Related Cases are in their early stages. Neither discovery nor class certification proceedings have commenced and it is clear that the Related Cases will require many of the same documents and witnesses given the overlap of the complaints, thus further favoring consolidation. Additionally, consolidation will neither inconvenience the Parties nor delay the proceedings. Rather, consolidation will promote convenience and judicial economy for the Parties and will assist the Parties in avoiding confusion among absent putative class members. Furthermore, counsel for Plaintiffs in the Related Cases, as well as counsel for Defendant, have conferred among themselves and agree that consolidation is appropriate here.

Therefore, the facts and circumstances here warrant consolidation.

### D. If Consolidation is Granted, the Parties Jointly Request the Consolidated Action Be Stayed

The Parties also agree that if the Court finds consolidation appropriate here and orders that the Related Cases be consolidated, the consolidated action would

benefit from a 45-day stay that will assist the parties in exploring early resolution of this litigation and will ensure the Court does not expend time and resources unnecessarily. Plaintiffs and Defendant will not be prejudiced by the requested stay and believe that a temporary stay is in the best interests of the Parties.

## CONCLUSION

WHEREFORE, Plaintiffs Stark, Smith, and Fairfield, together with Defendant Acuity Brands, Inc., respectfully request that this Court enter an Order substantially in the form attached hereto as **Exhibit 1** consolidating this Related Cases and staying the consolidated proceedings for forty-five (45) days.

Dated: February 17, 2022                Respectfully submitted,

                                        */s/ Nicholas A. Migliaccio*
                                        Nicholas A. Migliaccio (*pro hac vice*)
                                        Jason S. Rathod (*pro hac vice*)
                                        **MIGLACCIO & RATHOD LLP**
                                        412 H. St. NE, Suite 302
                                        Washington, DC 20002
                                        T: (202) 470-3520
                                        F: (202) 800-2730
                                        nmigliaccio@classlawdc.com
                                        jrathod@classlawdc.com

                                        *Attorneys for Plaintiff Melissa Stark*

*/s/ Gary M. Klinger*
Gary M. Klinger\*
gklinger@milberg.com
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878

David K. Lietz\*
dlietz@milberg.com
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
5101 Wisconsin Avenue NW, Suite 305 Washington D.C. 20016
Telephone: (202) 744-1795

*Attorneys for Plaintiffs Andrew Smith and Mackenzie Fairfield*

*/s/ Christopher G. Dean*
Christopher G. Dean (admitted pro hac vice in *Stark* case)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
Phone: (216) 348-5400
E-mail: cdean@mcdonaldhopkins.com

*Attorneys for Defendant Acuity Brands, Inc.*

\* *pro hac vice* admission to be sought

## CERTIFICATE OF COMPLIANCE WITH
## <u>LOCAL RULE 5.1</u>

I hereby certify that the foregoing was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less than 1.5 inches and a left margin of not less than 1 inch.

This 17th day of February, 2023.

<u>/s/ Nicholas A. Migliaccio</u>
Nicholas A. Migliaccio

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the Joint Motion to Consolidate Cases and Temporarily Stay Proceedings and Incorporated Memorandum of Law in Support with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This 17th day of February, 2023.

*/s/ Nicholas A. Migliaccio*
Nicholas A. Migliaccio